IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CRAIG A. BREEDLOVE                                                          Plaintiff

v.                                    CASE NO. 4:07CV00509 BD

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration,[1]                                                 Defendant

## MEMORANDUM OPINION AND ORDER

Plaintiff, Craig A. Breedlove, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for Supplemental Security Income (SSI), based on disability. Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence

---

[1] Michael J. Astrue was sworn in as the Commissioner of Social Security on February 12, 2007. He is therefore substituted for Acting Commissioner Linda S. McMahon pursuant to Fed.R.Civ.P. 25(d).

would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Plaintiff alleged that he was limited in his ability to work by hepatitis C, an injury to his left knee, a gunshot wound to the groin and right leg, depression, low back pain and having been incarcerated for twelve years in the Arkansas Department of Correction. (Tr. 80-81) The Commissioner found that he was not disabled within the meaning of the Social Security Act. The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge[2] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through September 26, 2006, the date of his decision. (Tr. 26-27) On December 28, 2006, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 3-5) Plaintiff then filed his complaint initiating this appeal. (Docket #2) After consideration

---

[2]The Hon. Gary R. Shelton.

2

of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 39 years old when he filed his application. (Tr. 26) He completed the eleventh grade in school and later obtained his General Educational Development certificate. (Tr. 86, 91, 232) He has past relevant work as a construction laborer and warehouse laborer. (Tr. 26, 82, 232-33)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. The first step involves a determination of whether the claimant is involved in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(i) (2006). If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience. *Id.* at §§ 404.1520(b); 416.920(b).

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement. *Id.* at § 416.920(a)(4)(ii). If not, benefits are denied. *Id.* A "severe" impairment significantly limits a claimant's ability to perform basic work activities. *Id.* at § 416.920(c).

Step 3 involves a determination of whether the severe impairment(s) meets or equals a listed impairment. *Id.*, § 416.920(a)(4)(iii). If so, and the duration requirement is met, benefits are awarded. *Id.*

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made. *Id.*, § 416.920(a)(4). This residual functional capacity assessment is utilized at Steps 4 and 5. *Id.*

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work. *Id.*, § 416.920(a)(4)(iv). If so, benefits are denied. *Id.*

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience.  *Id.*, § 416.920(a)(4)(v).  If so, benefits are denied; if not, benefits are awarded.  *Id.*

The ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date.[3]  (Tr. 15)  He found that Plaintiff had a "severe" combination[4] of impairments, hypertension, residuals of a right groin gunshot wound, infrequent episodes of lumbar strain, left knee complaints without objective findings, hepatitis C, a personality disorder, pain associated with both psychological factors and a medical condition and a history of polysubstance abuse and dependence.  (Tr. 15)  He found that Plaintiff did not have an impairment or combination of impairments that met or equaled a Listing.  (Tr. 19) He judged that Plaintiff's allegations regarding his functional limitations were not credible to the extent alleged.  (Tr. 25)

The ALJ found that Plaintiff retained the residual functional capacity for a full range of medium work (Tr. 21, 26), but that he was unable to perform any of his past relevant work.  (Tr. 25)  The ALJ applied Plaintiff's vocational profile and the residual functional capacity which he had found, and established that Rule 203.28, Table No. 3, Appendix 2, Subpart P, Regulations No. 4 directed a finding of not disabled.  (Tr. 26)  Consequently, the ALJ concluded that Plaintiff was not disabled.  *Id.*

---

[3] Plaintiff alleged an onset date of October 1, 2000.  (Tr. 13, 67)  He had a protective filing date in March, 2004.  (Tr. 13, 69)  SSI benefits are not payable for a period prior to the application.  *Cruse v. Bowen*, 867 F.2d 1183, 1185 (8th Cir. 1989).

[4] The ALJ found that Plaintiff did not have any one impairment that was "severe" by itself, but only a combination of medically determinable physical impairments that imposed more than a slight limitation of basic work-related activities.  (Tr. 20)

Plaintiff argues that the ALJ improperly found that he was not credible. (Br. 16-18) The ALJ considered Plaintiff's subjective complaints in light of *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984).[5] (Tr. 21-25)

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. the claimant's daily activities;
>
> 2. the duration, frequency and intensity of the pain;
>
> 3. precipitating and aggravating factors;
>
> 4. dosage, effectiveness and side effects of medication;
>
> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

There is little objective support in the record for Plaintiff's claim of disability. No evaluations showed medical conditions that were disabling. Furthermore, inconsistencies between the medical evidence and Plaintiff's subjective complaints gave reason to discount those complaints. *Richmond v. Shalala*, 23 F.3d 1141, 1443 (8th Cir. 1994).

Given the lack of medical evidence in support of Plaintiff's allegations, the lack of medications for significant periods of time, the lack of ongoing treatment, Plaintiff's daily activities, his poor work record, his functional capabilities and the lack of restriction placed on Plaintiff by his physicians, the ALJ could rightly discount Plaintiff's subjective

---

[5]The ALJ also cited Social Security Ruling 96-7p and 20 C.F.R. § 416.929. (Tr. 21) That Ruling tracks *Polaski* and 20 C.F.R. § 416.929(c)(3) and elaborates on them.

complaints. See, *e.g.*, *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (ALJ may discount subjective complaints if there are inconsistencies in the record as a whole); *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001) (ALJ may discount complaints inconsistent with the evidence as a whole); *Dodson v. Chater*, 101 F.3d 533, 534 (8th Cir. 1996) (after full consideration of all evidence relating to subjective complaints, ALJ may discount complaints if there are inconsistencies in evidence as a whole).

The ALJ's credibility analysis was proper. He made express credibility findings and gave valid reasons for discrediting Plaintiff's subjective complaints. *E.g., Shelton v. Chater*, 87 F.3d 992, 995 (8th Cir. 1996); *Reynolds v. Chater*, 82 F.3d 254, 258 (8th Cir. 1996); *Hall v. Chater*, 62 F.3d 220, 224 (8th Cir. 1995). His credibility findings are entitled to deference as long as they are supported by good reasons and substantial evidence. *Gregg v. Barnhart*, 354 F.3d 710, 714 (8th Cir. 2003).

Next, Plaintiff contends that the ALJ inappropriately utilized the Grids without considering whether his nonexertional impairments significantly compromised his ability to perform work at all exertional levels. (Br. 18) He contends that nonexertional impairments such as pain,[6] fatigue, anxiety or depression, require the ALJ to utilize a vocational expert.

The ALJ found that Plaintiff had no "severe" mental impairment:

> Hence, there is no medical evidence of treatment for any mental symptoms since the alleged onset date of October 1, 2000 (Exhibit 1F). When the claimant was seen by a treating psychiatrist who treated him for a few weeks in 1996, the claimant was found to have no need for medication to aid his sleep in October 2002, on re-incarceration (Exhibit 1F). Further, the claimant was found to have no signs of depression or anxiety or thought disorder when seen on a consultative examination (Exhibit 3F). In fact, the claimant was

---

[6]Pain has long been considered a nonexertional impairment. *E.g., Baker v. Barnhart*, 457 F.3d 882, 894 (8th Cir. 2006); *Haley v. Massanari*; 258 F.3d 742, 747 (8th Cir. 2001); *Cline v. Sullivan*, 939 F.2d 560, 565 (8th Cir. 1991); *Prince v. Bowen*, 894 F.2d 283, 287 (8th Cir. 1990). According to a Social Security Ruling and regulations, however, it is only a symptom. Social Security Ruling 96-4p n.2; accord, 20 C.F.R. §§ 416.928(a), 416.929 (2006).

>taking no medications for any reason and [was] found to have no limitations for basic mental work related activities (Exhibit 3F, pg. 9). Thus, there is no objective medical evidence of a mental impairment that imposes more than a slight or minimal limitation for basic mental work related activities and meets the duration requirement of the Social Security Act despite compliance with recommended treatment. Accordingly, the claimant's medically determinable mental impairments are not severe within the meaning of the Social Security Act. Social Security Ruling 96-3p and Social Security Ruling 96-4p.

(Tr. 18)

He also found, "The claimant's allegedly disabling subjective complaints and functional limitations due to pain, fatigue, nervousness, other symptoms, and generalized limitations for sustained work activity are not found to be credible to the extent alleged." (Tr. 25) Plaintiff's contention that the ALJ did not consider his nonexertional impairments is baseless. Where, as here, the ALJ properly discredited Plaintiff's subjective complaint of nonexertional impairment, the ALJ is not required to consult a vocational expert and may properly rely on the Medical-Vocational Guidelines at Step 5. *E.g., Holley v. Massanari*, 253 F.3d 1088, 1093 (8th Cir. 2001); *Reynolds v. Chater*, 82 F.3d 254, 258-59 (8th Cir. 1996).

Next, Plaintiff argues that the ALJ's determination that he was capable of medium work was in error, and that the ALJ "completely disregarded" his testimony "regarding his pain, anxiety, depression and fatigue." (Br. 18-19) The Court has already discussed the ALJ's credibility determination and his consideration of Plaintiff's nonexertional impairments. Those discussions need not be repeated here. The ALJ's findings in both regards are supported by substantial evidence. Plaintiff's argument seeks to place the burden of proof on the Commissioner. It is the claimant's burden, and not the Social Security Commissioner's burden, to prove the claimant's residual functional capacity. *Goff v. Barnhart*, 421 F.3d 785,790 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Masterson v. Barnhart*, 383 F.3d 731, 737 (8th Cir. 2004); *Baldwin v.*

*Barnhart*, 349 F.3d 549, 556 (8th Cir. 2003);  *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *Young v. Apfel*, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995).  He failed to meet his burden.

Finally, Plaintiff contends that the ALJ failed to full and fairly develop the record. (Br. 19-20)  At the conclusion of the administrative hearing, the ALJ announced:

> What I'm going to need in this case, to be in a position to appropriately assess this gentleman's - - particularly, his physical impairments, is an orthopedic consultative examination.  What that means, Mr. Breedlove, is we're going to send you to an orthopedic specialist to take a look at your back, knee, whatever other problems you may have, so I'll have a little bit better idea of what your impairments might be and what limitations you might have.

(Tr. 246-47)

In January, 2006, Plaintiff was evaluated by Patricia A. Knott, M.D., who is board certified in physical medicine and rehabilitation.  (Tr. 217-23)  Her physical examination of Plaintiff revealed no atrophy in upper or lower extremities.  (Tr. 219)  She found no objective evidence of any problem with his left knee.  (Tr. 221)  Plaintiff bears a heavy burden in showing the record has been inadequately developed; he must show both a failure to develop necessary evidence and unfairness or prejudice from that failure.  *Combs v. Astrue,* 243 Fed.Appx. 200, 204 (8th Cir. 2007); *Robinson v. Astrue*, 2008 WL 312034 (E.D. Ark.).  Plaintiff failed to meet that burden.

It is not the task of this Court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence.  There is ample evidence on the

record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; see also *Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the final determination of the Commissioner and dismisses Plaintiff's complaint with prejudice.

IT IS SO ORDERED.

DATED this 20th day of August, 2008.

_____
UNITED STATES MAGISTRATE JUDGE